UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GNAWLINS, LLC | CIVIL ACTION |
| VERSUS | NO. 23-5666 |
| GREAT AMERICAN INSURANCE COMPANY | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is plaintiff and defendant's joint motion to remand.[1] For the following reasons, the Court grants the motion.

### I. BACKGROUND

Plaintiff filed this action in Louisiana state court on August 28, 2023.[2] The state court petition alleges that defendant is liable on an insurance policy for property damage caused by Hurricane Ida.[3] In the petition, plaintiff "stipulates its cause of action does not exceed $75,000, exclusive of interest and costs."[4] Defendant removed the matter to this Court on September 29,

---

[1]   R. Doc. 9.
[2]   R. Doc. 1-1.
[3]   *Id.*
[4]   *Id.* ¶ 42.

2023, on the basis of diversity jurisdiction.[5] In the notice of removal, defendant asserts that on February 1, 2023, "[p]laintiff supplied [defendant] with a Statement of Loss for this claim in the amount of $131,463.42."[6]

On October 2, 2023, plaintiff filed its first motion to remand, asserting that the amount in controversy is less than $75,000, as evidenced by the stipulation in the state court petition.[7] On October 18, 2023, plaintiff and defendant jointly filed another motion to remand on the same basis.[8]

The Court considers the motion below.

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes

---

5   R. Doc. 1.
6   *Id.* ¶ 10.
7   R. Doc. 3.
8   R. Doc. 9.

should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Under Fifth Circuit law, if a plaintiff pleads damages less than the jurisdictional amount, this figure will generally control and bar removal. *See Allen,* 63 F.3d at 1335. If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds $75,000, then removal is proper. *See Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen,* 63 F.3d at 1335. But if the plaintiffs establish with legal certainty that the claims are for less than $75,000, then they can defeat removal. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411-

3

12 (5th Cir. 1995); *see also Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 355 n.4 (5th Cir. 2023) (affirming same).

### III. DISCUSSION

As a threshold matter, defendant's decision not to oppose plaintiff's remand motion "alone provides sufficient grounds to remand." *Brown v. Heintz*, No. 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases); *see also Jackson v. City of New Orleans*, No. 95-1340, 1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) (holding that plaintiff's remand motion "could be granted as unopposed").

Further, it is not facially apparent from the original petition that the jurisdictional amount is satisfied. The original petition includes a stipulation that the "cause of action does not exceed $75,000."[9] Defendants originally presented a Statement of Loss filed with defendants on February 1, 2023, in which plaintiff asserts the total value of the claim on the insurance policy is $131,463.42.[10] Plaintiff states that the amount in controversy in this action is lower because of "prior payments made."[11] *See Nelsen v. Garrison Prop. and Cas. Ins. Co.*, No. 2023 WL 5844754, at *4 (E.D. La. Sep. 11, 2023)

---

9  R. Doc. 1-1 ¶ 42.
10 R. Doc. 1 ¶ 10; R. Doc. 1-3.
11 R. Doc. 3-1.

4

(holding that tendered payments may reduce amount in controversy). Because it is defendant's burden "to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000," *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), and defendant does not challenge plaintiff's allegations but joins in the motion to remand, the Court finds that the jurisdictional amount is not satisfied, and the case must be remanded.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff and defendant's joint motion to remand.[12]  Plaintiff's original motion to remand[13] is DENIED as moot.

New Orleans, Louisiana, this __20th__ day of October, 2023.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[12]   R. Doc. 9.
[13]   R. Doc. 3.